[*233]          *FAUGIER *against* HALLETT.

An adjustment of loss endorsed on a policy of insurance, and signed by the
 insurer, is not conclusive ; and the party may show, that it was made on
 the misrepresentation of the insured ; and whether such misrepresentation
 proceeded from design or mistake, makes no difference.

If a person proceeds upon the information of another to do an act in his fa-
 vor, the person in whose favor the act is to be done, is bound, at his peril,
 to see that the information given is correct.

THIS was an action on a policy of insurance, " at and from
New York to Havana, upon French property, on all kinds
of goods, &c. laden on board the brig Experience.   The pro-
perty was warranted by the assured, " free from any charge,
damage, or loss, in consequence of any seizure or detention,
for or on account of any illicit or prohibited trade, or trade
in articles contraband of war."

The sum insured was 4000 dollars.   There was a written
memorandum, at the foot of the policy, by which it was
agreed, that in case of capture or loss, there should be no
other proof of property but the policy.

The declaration stated, that the plaintiff was sole owner
of the goods insured, and had goods on board, at the time,
to the value of 20,000 dollars, and that the vessel and cargo,
during the voyage, was captured by an English privateer
and totally lost.   That the defendant, on the 12th Novem-
ber, 1799, subscribed an adjustment, promising to pay ninety-
eight per cent. on the amount of his subscription, in thirty
days.

The policy and adjustment were produced at the trial,
and the plaintiff relied on them to entitle him to recover.

The defendant offered to prove, that the plaintiff had in
fact saved a great part of his goods, consisting of lace and
jewelry ; that when the agent of the plaintiff demanded pay-
ment of the insurers, no proof was exhibited of any part of
the goods being saved, but only of the capture and total loss.
That after the adjustment was agreed to, the insurers
received information of that fact, and on applying to the

Faugier v. Hallett.

agent of the plaintiff, *he said that the articles saved    [*234]
were not intended to be insured by the plaintiff ;
that had these circumstances been known to the defendant
at the time, he would not have signed the adjustment.    This
evidence offered by the defendant, was rejected by the judge,
under whose direction the jury found a verdict for a total
loss.

A motion was made to set aside the verdict, and for a new
trial.

*Pendleton*, for the defendant.

*B. Livingston*, contra.

RADCLIFF, J.    On the trial, the plaintiff produced the
policy and the adjustment, and relied on them alone for a re-
covery.    The defendant offered to prove, that the adjust-
ment was made on a false, or mistaken representation of the
loss on the part of the plaintiff, and that instead of a total, it
was, in fact, a partial loss, amounting to 1262 dollars, besides
a dozen or fifteen sword blades, the residue of the property
being saved.    Strong evidence to this effect was offered, and
overruled in consequence of which the plaintiff recovered for
a total loss.

The first question is, whether the defendant was conclu-
ded by the adjustment.    I think he was not.    The insurer,
in the event of a loss, as in subscribing a policy, acts wholly
on the representation of the insured.    He cannot be suppos-
ed to know the situation of the subject insured, or the acci-
dents which may have attended it.    The insured is there-
fore bound in good faith to represent the truth.    If he mis-
represents, it can only be done through fraud or mistake, and
in either case, he ought not to be benefitted by it.    I think
the rule is obvious and universal, and where one party is
obliged to act on the representation of another, he
cannot be *concluded, if that representation after-    [*235]
wards appear to be untrue.    In relation to adjust-
ments, it has, in several cases, in the English courts, been so
decided.    The adjustment is *prima facie* evidence only, and
may be rebutted.    (Peake's Ev. 108, 109.    Beawes, 308.)

On this ground alone, the verdict ought to be set aside.

---

Faugier v. Hallett.

---

It is unnecessary, therefore, on the present motion, to decide the other questions, whether a policy on goods generally, will extend to goods which are not regularly a part of the cargo, or for which no bill of lading was given, or to pronounce the effect of the warranty as stated.

KENT, J. Upon the facts in this case, I am of opinion that the testimony offered ought to have been received. The plaintiff, at the time of the adjustment, did not know the whole case as it then stood. The adjustment was, consequently, founded upon mistake, or at least, the testimony offered was so material to the point, that it ought to have been submitted to the jury. An adjustment is not conclusive, if the party can show that it was made on the misrepresentation of the insured, and whether the misrepresentation proceeded from mistake or design, is immaterial. It is a just and sound rule, that if one person proceeds upon the information of another, to do an act in his favor, the person in whose favor the act is done, is bound at his peril, to see that the information be correct.

I am of opinion, therefore, that a new trial be granted, with costs to abide the event.

LANSING, Ch. J. was of the same opinion.

LEWIS, J. absent.

New trial granted.(a)(b)

(a) [Old note.] Park on Ins. 6th ed. 163, 167. Marshall on Ins. 2d ed. 632, 636.

(b) An adjustment of a loss is an admission between the assured and underwriter, by which the loss is settled or adjusted at a certain amount. It is usually made by endorsing on the policy, " adjusted this loss at ——— per cent." (Park, 192. 2 Phillips on Insurance, 521.) The form, however, is not material. Lord Ellenborough, in *Herbert* v. *Champion*, (1 Campb. 134,) observed, " perhaps if properly stamped it might be declared on as a promissory instrument ;" but no cases have been found to sanction this view of the subject. Undoubtedly an adjustment, like any other settlement, might be placed in such a form that the assured could bring an action upon it without setting forth the policy particularly ; (*Rogers* v. *Mayler*, Park, 194 ; *Christian* v. *Combe*, 2 Esp. 489 ; 2 Phillips, *ut sup.* ;) and in such a case it would be subject to the same general rules that control other instruments of the class to which it might belong. But practically it is used as evidence to support the claim of the assured. In effect it is an admission of all the facts necessary to be proved by the assured to enable him to recover in an action on

the policy, (2 Greenl. Ev. 319, § 393,) to the amount stated in the adjustment ;
and like any other admission, may be shown to have been made under ignor-
ance or mistake of facts, or under the fraudulent influence of the assured or
his agent.    (See *Haigh* v. *De la Cour,* 3 Campbell, 319.    *Steel* v. *Lacy,*
*infra.*)

In *Dow* v. *Smith,* (1 Caines, 32,) the court said, "an adjustment cannot
be opened except on the ground either of fraud, or mistake of facts not
known," and this remark is adopted by Chancellor Kent, in his Lecture on
Marine Insurance, (Comm. vol. 3, p. 339.   See *Steel* v. *Lacy,* 3 Taunt. 285.)
Mr. Phillips, in discussing this rule, considers if an adjustment be made from a
mistake of a fact, into which mistake one party is led by the concealment or
misrepresentation of the other, or without any neglect on his own part, it will
not be binding upon the party who assented to it, in consequence of such mis-
take.   An adjustment is set aside on this ground, very much upon the princi-
ples on which a policy is made void by a concealment or misrepresentation.
It is a general rule, that money paid in consequence of a mistake of facts,
may be recovered back ; *and that a promise to pay money is not binding, if*
made in consequence of such a mistake, where the party promising has not
fallen into the mistake by his own negligence, or is not understood, from the
circumstances, or his agreement, to take the risk of the facts.   (2 Phillips on
Insurance, ed. 1840, p. 524, 525.)   Thus, insurance being made "free from
capture in port," an adjustment was made and the premium returned, on the
supposition that the loss had been by capture in port.   It afterwards appear-
ed that the loss had been by capture not in port.   The underwriter was held
to be liable notwithstanding the adjustment. (*Reyners* v. *Hall,* 4 Taunt. 725.)
It has been made a question, whether a mistake of law will avoid an ad-
justment ; but although Lord Kenyon seems to have supposed it would, (*Ro-
gers* v. *Mayler,* 2 Esp. 489,) his opinion has been rejected in the subsequent
cases.   (*Belbey* v. *Lumley,* 2 East, 469.    *Elting* v. *Scott,* 2 Johns. 157.
*Stevens* v. *Lynch,* 12 East, 38.   See 2 Phill. *ut sup.*)   As to conditional ad-
justment, see 2 Phill. 523.